UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TRISA THOMAS | CIVIL ACTION NO. 24-cv-1418 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| AT HOME STORES, LLC | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

**Introduction**

Trisa Thomas, represented by attorneys B. Trey Morris, Justin C. Dewett, Elizabeth A. Hancock, Joshua L. Powell, Meghan M. Nolen, Austin T. Townsend, Lane S. Robinson, Caitlin C. Nerren of Morris & Dewett, LLC, filed this civil action against At Home Stores, LLC for damages resulting from merchandise falling on Ms. Thomas. Counsel for Plaintiff filed a motion to withdraw. Counsel reported that she served Plaintiff with written notice of their intent to withdraw in August 2025. The motion to withdraw was also served on Plaintiff.

The court granted the motion to withdraw and issued an order (Doc. 25) that stated that Plaintiff was "strongly encouraged to enroll new counsel to represent her" and granted her until October 10, 2025 to either (1) enroll new counsel to represent her in this civil action or (2) file a written statement that she intends to represent herself. The order warned: "Failure to comply with this order may result in the dismissal of this civil action for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Ms.

Thomas. The October 10, 2025 deadline has passed, but there has been no action of record by Ms. Thomas or an attorney acting on her behalf.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to prosecute and pursuant to the court's inherent power to control its docket. The court may dismiss *sua sponte*, with or without notice to the parties, incident to its inherent powers. Rogers v. Kroger Company, 669 F.2d 317, 320–321 (5th Cir.1983); Link v. Wabash Railroad, 82 S.Ct. 1386, 1389-90 (1962). Dismissal is warranted in this case.

The court provided ample time for Ms. Thomas to secure new counsel or indicate her desire to proceed without counsel. Ms. Thomas has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and (potentially) the defendant. Defendant At Home Stores, LLC has filed bankruptcy, so Plaintiff would have to persuade the Delaware Bankruptcy Court to lift the stay before she could proceed with this case. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of November, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge